STEPHEN C. KENNEY (SBN 53883)
KYMBERLY E. SPEER (SBN 121703)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:     (415) 397-3100
Facsimile:      (415) 397-3170
Email: skenney@kennmark.com
       kspeer@kennmark.com

Attorneys for Defendant
NORTHWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>NORTHWEST AIRLINES, INC., et al.,<br><br>       Defendant. | CASE NO.  **C 07-04036 VRW**<br>**C 07-04044 VRW**<br>**C 07-04045 VRW**<br><br>**NOTICE OF MOTIONS AND MOTIONS TO DISMISS**<br><br>Date:          September 28, 2007<br>Time:          2:00 p.m.<br>Courtroom: 6, 17th Floor<br><br>Honorable Judge Vaughn R. Walker |

**NOTICE OF MOTIONS AND MOTIONS**

**TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

Notice is hereby given that on September 28, 2007, at 2:00 p.m. in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant Northwest Airlines, Inc. ("Northwest") will, and hereby does, move the Court for an order dismissing plaintiff's case(s) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The grounds for the motion are that plaintiff failed to timely preserve her alleged claims before the bankruptcy court with jurisdiction over all claims, secured and unsecured, asserted against Northwest and therefore plaintiff's claims are barred as a matter of law.

Kenney
&
Markowitz
L.L.P.

{31199.302014 0129713.DOC}                          -1-

The motion will be based on this Notice, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, the complete files and records in this action and in the related Northwest bankruptcy case, and such other and further evidence and argument as the Court may permit at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendant, Northwest Airlines, Inc. ("Northwest"), by and through its undersigned counsel, hereby moves to dismiss the above-captioned matter with prejudice pursuant to the statutory discharge of claims afforded to Northwest consistent with its chapter 11 plan of reorganization, the order confirming such plan and the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code").

Plaintiff's claims against Northwest arose before Northwest filed for bankruptcy protection. Plaintiff's claims were discharged upon confirmation of the Debtors' Plan.     The bankruptcy discharge afforded to Northwest is a complete defense to Plaintiff's action.  Plaintiff's continuation of this action would violate the discharge and injunction protections afforded to Northwest pursuant to both the Bankruptcy Code and the confirmed Plan.  Accordingly, by this motion, Northwest respectfully requests that this Court dismiss this action.

### II.     FACTUAL BACKGROUND

**A.     Plaintiff's Claims**

Plaintiff alleges that, on July 9, 2005, she was injured during a change of planes at Minneapolis-St. Paul when Northwest allegedly failed to supply a wheelchair as plaintiff had requested, and she fell at the end of a moving walkway while trying to make the transfer on her own.

**B.     Northwest's Bankruptcy Proceedings**

On September 14, 2005 (the "Petition Date"), Northwest and certain of its affiliated entities (collectively, the "Debtors"),  as debtors and debtors in possession, filed a voluntary

Kenney
&
Markowitz
L.L.P.

{31199.302014 0129713.DOC}

1    petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

2    for the Southern District of New York (the "Bankruptcy Court"), Case No. 05-17930 (ALG).[1]

3        On the Petition Date, Plaintiff was automatically stayed pursuant to section 362(a) of the

4    Bankruptcy Code from seeking to collect, assess, or recover damages from the Debtors.

5    Consistent with section 362 of the Bankruptcy Code, after the Petition Date the "continuation . . .

6    of a judicial, administrative, or other action or proceeding against the debtor that was or could

7    have been commenced before the commencement of [a bankruptcy case]" is a violation of the

8    automatic stay.  11 U.S.C. § 362.

9        On May 19, 2006, the Bankruptcy Court entered the Order Fixing Bar Date for Filing

10   Proofs of Claim, Approving Proposed Proof of Claim Form, Approving Proposed Bar Date Notice

11   and Approving Proposed Notice and Publication Procedures (as amended by order dated May 22,

12   2006, the "Bar Date Order").[2]  The Bar Date Order established August 16, 2006 as the last day to

13   file proofs of claim in the Debtors' bankruptcy cases.

14       The Bar Date Order provides that creditors who failed to file proofs of claim by the Bar

15   Date are forever barred from asserting such claims against the Debtors.  In pertinent part, the Bar

16   Date Order ordered that:

17               any holder of a claim against the Debtors who is required, but fails, to
                 file a proof of claim for such claim in accordance with this Order on
18               or before the Bar Date shall be forever barred, estopped and enjoined
                 from asserting such claim against the Debtors (or filing a proof of
19               claim with respect thereto) and the Debtors and their property shall be
                 forever discharged from any and all indebtedness or liability with
20               respect to such claim . . . . [Bar Date Order at 8.]

21       On May 22, 2006, the Debtors served the Notice of Bar Date Requiring Filing of Proofs of

22   Claim (the "Notice of Bar Date") on the following parties: (i) all known creditors of the Debtors,

23   (ii) all parties listed on the Debtors' Schedules of Assets and Liabilities, and (iii) all parties listed

24   on the Master Service List established by this Court's Order Granting Notice Procedures and to

25   Establish a Master Service List, dated September 15, 2005.[3]

26   ─────────────────────

[1] Northwest's Request for Judicial Notice, Exhibit 1.

27   [2] Northwest's Request for Judicial Notice, Exhibit 2.

[3] Northwest's Request for Judicial Notice, Exhibit 3.

28

Kenney
&
Markowitz
L.L.P.

{31199.302014 0129713.DOC}

1    **Thereafter**, the Debtors caused the Notice of Bar Date to be published in the New York

2    Times, Wall Street Journal, USA Today, Detroit News and Free Press, Minneapolis Star Tribune,

3    Memphis Commercial Appeal, DeTelegraaf (English & Dutch), Financial Times, International

4    Herald Tribune, Ashai Shimbun (Japanese), and Ashai Shimbun (July 3, 2006) (English).[4]

5    Notwithstanding the requirements of the Bar Date Order, Plaintiff did not file a proof of

6    claim in the Debtors' Bankruptcy Cases.

7    **C.    The Plan and the Disclosure Statement**

8    By order dated February 15, 2007, the Bankruptcy Court scheduled (i) the hearing (the

9    "Disclosure Statement Hearing") on the Debtors' proposed disclosure statement (the "Disclosure

10   Statement") with respect to the Debtors' First Amended Joint and Consolidated Plan of

11   Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") and (ii) the hearing on

12   confirmation of the Debtors' Plan (the "Confirmation Hearing") and approved notice procedures

13   for such hearings.[5]

14   The Debtors caused the Disclosure Statement and Confirmation Hearing Notice to be

15   served upon known creditors and to be published in The Wall Street Journal (National Edition),

16   The New York Times, and USA Today on or before April 6, 2007. The Debtors also published

17   the Disclosure Statement and Confirmation Hearing Notice electronically on their website at

18   http://www.nwa-restructuring.com/.[6]

19   **D.    The Confirmation Order**

20   The Confirmation Hearing took place from May 16, 2007 through May 18, 2007. On

21   May 18, 2007, the Bankruptcy Court entered an order [Docket No. 6944] (the "Confirmation

22   Order") confirming the Plan.[7]  Thereafter, on May 31, 2007, the effective date of the Plan

23   occurred (the "Effective Date").

---

24   [4] Northwest's Request for Judicial Notice, Exhibit 4.

25   [5] Northwest's Request for Judicial Notice, Exhibit 5.

26   [6] Northwest's Request for Judicial Notice, Exhibit 6.

27   [7] Northwest's Request for Judicial Notice, Exhibit 7. The Debtors caused notice of the Plan, the Effective Date, and the discharge of debts and injunction provisions contained in the Plan (the "Notice of Confirmation and Discharge") to be mailed to known creditors and also duly published same in The Wall Street Journal (National Edition), New York Times and USA Today shortly after the Effective Date.

28   {31199.302014 0129713.DOC}

Kenney
&
Markowitz
L.L.P.

1      The Plan is binding on all creditors holding claims against the Debtors.  In pertinent part,

2  Section 11.2 of the Plan provides:

3          Except as otherwise provided herein or in the Confirmation Order, the
           rights afforded in the Plan and the payments and distributions to be
4          made hereunder shall be in complete satisfaction of and shall
           discharge and terminate all Equity Interests in NWA Corp and **all**
5          **existing debts and Claims, of any kind, nature or description**
           **whatsoever against or in the Debtors** or any of their assets or
6          properties to the fullest extent permitted by section 1141 of the
           Bankruptcy Code. Except as provided in the Plan, on the Effective
7          Date, all existing Equity Interests in NWA Corp. and Claims against
           the Debtors, including intercompany claims, shall be, and shall be
8          deemed to be, satisfied, discharged and terminated, and **all holders of**
           Equity Interests in NWA Corp. and **Claims against any of the**
9          **Debtors shall be precluded and enjoined from asserting against**
           **the Reorganized Debtors, or any of their assets or properties,** any
10         other or further Equity Interest in NWA Corp. or **Claim against any**
           **of the Debtors based upon any act or omission, transaction or**
11         **other activity of any kind or nature that occurred prior to the**
           **Effective Date, whether or not such holder has filed a proof of**
12         **claim or proof of equity interest.**   [Plan, Section 11.2 at 40
           (emphasis added).]
13

14     The Confirmation Order permanently enjoins and forbids the pursuit of discharged claims.

15  In relevant part, the Confirmation Order states that:

16         Pursuant to Section 11.2 of the Plan, except as provided in the Plan,
           on the Effective Date, all existing Equity Interests in NWA Corp. and
17         Claims against the Debtors, including Intercompany Claims, shall be,
           and shall be deemed to be, satisfied, discharged and terminated, and
18         all holders of Equity Interests in NWA Corp. and Claims against any
           of the Debtors shall be precluded and enjoined from asserting against
19         the Reorganized Debtors, or any of their assets or properties, any
           other or further Equity Interest in NWA Corp. or Claim against any of
20         the Debtors based upon any act or omission, transaction or other
           activity of any kind or nature that occurred prior to the Effective Date,
21         whether or not such holder has filed a proof of claim or proof of
           equity interest. [Confirmation Order at 30.]
22

23                        **III.    ARGUMENT**

24  **A.    Basis For Relief Requested**

25     This action is based upon a claim against Northwest arising prior to the Petition Date.

26  Consistent with the provisions of the Bankruptcy Code and the Confirmation Order, claims against

27  Northwest arising prior to the Petition Date are discharged and creditors are enjoined from

28

Kenney
&
Markowitz
L.L.P.

1    pursuing such claims.    Accordingly, Plaintiff's action must be dismissed because the claims

2    asserted therein are discharged, and the Plaintiff is enjoined from further pursuing them.

3        As is provided in section 1141(d)(1) of the Bankruptcy Code, confirmation of the Plan

4    discharged all pre-confirmation claims against Northwest, regardless of whether the creditor filed

5    a proof of claim.    Specifically, section 1141(d)(1) of the Bankruptcy Code provides:

6        (d)(1) Except as otherwise provided in this subsection, in
         the plan, or in the order confirming the plan, the confirmation of a
7        plan --

8        (A) discharges the debtor from any debt that arose before
         the date of such confirmation, ... whether or not –
9

10       (i) a proof of the claim based on such debt is filed or
         deemed filed under section 501 of this title . . . .

11       A debtor's discharge is the cornerstone of federal bankruptcy law and "the embodiment of

12   the [Bankruptcy] Code's fresh start concept." *Manzanares v. State Farm Fire and Cas. Co. (In re*

13   *Manzanares)*, 345 B.R. 773, 781 (Bankr. S.D. Fla. 2006) (citations omitted).    As recently

14   articulated by the Supreme Court, the protection afforded by the ultimate discharge is a critical

15   feature of every bankruptcy proceeding.    *Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 364

16   (2006).    This discharge provides a debtor with a fresh start by releasing it from liability for old

17   debts.    *Id.    See also Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 107 (2d

18   Cir. 2002) ("Congress made it a central purpose of the bankruptcy code to give debtors a fresh

19   start in life and a clear field for future effort unburdened by the existence of old debts.").    As such,

20   a discharge precludes the continuation of actions against the debtor as to discharged debts.

21   *Blackmon v. Crile*, 2007 U.S. Dist. LEXIS 3449 (D. Kan. Jan. 12, 2007); *see also Kuhl v. United*

22   *States*, 467 F.3d 145, 147 (2d Cir. 2006) ("A discharge in bankruptcy operates as an injunction

23   against collection of any discharged debts.").

24       Further, pursuant to section 101(12) of the Bankruptcy Code a "debt" is defined as

25   "liability on a claim."    *FCC v. NextWave Pers. Communs. Inc.*, 537 U.S. 293, 302-303 (U.S.

26   2003).    A "claim" is defined as a right to payment. 11 U.S.C. § 101(5). The definition of the word

27   "claim" was broadly drafted so as to ensure resolution of the full range of the debtor's obligations.

Kenney
&
Markowitz
L.L.P.

28   {31199.302014 0129713.DOC}                -6-

1    *In re El Paso Refinery, L.P.,* 220 B.R. 37 (Bankr. D. Tex. 1998). Notably, this "definition is broad

2    enough to include an obligation from a civil action." *Garland*, 2007 U.S. Dist. LEXIS 18152 at

3    *19. *See also Cross v. K.B. Toys*, 2006 U.S. Dist. LEXIS 59451 *5 (N.D. Ill. Aug. 22, 2006).

4    Accordingly, it is clear that any alleged obligations with respect to this action fall within the ambit

5    of claims subject to the discharge in the Debtors' chapter 11 cases.

6         The foregoing is true even though Plaintiff did not file a claim in the Debtors' bankruptcy

7    cases. Indeed, as stated above, pursuant to section 1141(d)(1)(A)(i), a debtor's discharge in

8    bankruptcy is effective against a claim whether or not proof of such claim is filed. *See* S. Rep. No.

9    95-989, 95th 129 (1978). Rather, the determinative question is whether or not the claim arose

10   before confirmation of the debtor's chapter 11 plan. *See In re US Airways, Inc.*, 2005 Bankr.

11   LEXIS 2696, 8-9 (Bankr. E.D. Va. Nov. 21, 2005); *In re Greater Jacksonville Transp. Co.*, 172

12   B.R. 376, 380 (Bankr. M.D. Fla. Aug. 24, 1994); Cross, 2006 U.S. Dist. LEXIS 59451 at *6. The

13   alleged claims asserted in this action are claims subject to the bankruptcy discharge because these

14   claims stem from certain alleged pre-petition conduct of the Debtors.

15        Furthermore, the Supreme Court has stated that not only does the bankruptcy discharge

16   release a debtor from personal liability with respect to any discharged debt by voiding any past or

17   future judgments on the debt, but that it also operates as an injunction which prohibits creditors

18   from attempting to collect or to recover the debt. *Tenn. Student Assistance Corp. v. Hood*, 541

19   U.S. 440, 447 (2004). Specifically, section 524(a) of the Bankruptcy Code sets forth this statutory

20   effect of a debtor's discharge in bankruptcy, establishing a permanent injunction against the

21   commencement or continuation of any action to recover discharged claims, as follows:

22              (a) A discharge in a case under this title --

23              (2) operates as an injunction against the commencement or
                continuation of an action, the employment of process, or an act, to
24              collect, recover or offset any such debt as a personal liability of the
                debtor, whether or not discharge of such debt is waived . . . . [11
25              U.S.C. § 524(a)(2). ]

26        Thus, with exceptions not relevant here, Plaintiff can not commence or continue this action

27   since it is based upon an alleged claim that arose prior to the Petition Date and, as such, was

28

Kenney
&
Markowitz
L.L.P.

1   discharged upon Plan confirmation. *See Garland*, 2007 U.S. Dist. LEXIS 18152 at *23 (granting

2   defendant's motion to dismiss and stating that any claims plaintiff had or may have had that arose

3   before the bar date were discharged upon plan confirmation and therefore could not be the subject

4   of any litigation); *McSherry v. TWA*, 81 F.3d 739, 740 (8th Cir. 1996) (United States Court of

5   Appeals for the Eighth Circuit affirmed district court's dismissal of action filed post-confirmation

6   on the basis that plaintiff's claim was discharged in the debtor's bankruptcy because it arose

7   before confirmation of the plan and plaintiff never timely filed a proof of claim); *Kresmery v.*

8   *Service Am. Corp.*, 227 B.R. 10 (D. Conn. 1998) (employer's motion for summary judgment on

9   former employee's claim of employment discrimination granted on the basis that the former

10  employer's plan of reorganization was confirmed pursuant to which all debts incurred pre-

11  confirmation were discharged); *In re Production Plating, Inc.*, 90 B.R. 277, 285 (Bankr. D. Mich.

12  1988) (since the claims that were the basis of plaintiff's litigation existed as pre-petition claims

13  and were not filed and allowed with the bankruptcy court, they were barred by the confirmation

14  order and plaintiff was ordered to dismiss the debtor from the litigation).

15                              **IV.    CONCLUSION**

16      All of the claims asserted by Plaintiff against Northwest in this action are barred,

17  discharged and enjoined based upon the Confirmation Order, Section 11.2 of the Plan and the

18  injunction provisions set forth in sections 1141(d) and 524(a) of the Bankruptcy Code.   Any

19  judgments rendered on claims that have been discharged pursuant to the Debtors' chapter 11 cases

20  will be void.  Moreover, pursuant to the injunctions in place permanently barring the continuation

21  of any lawsuit or other proceeding against the Debtors, any effort by Plaintiff to continue or

22  prosecute this action would violate sections 524 and 1141(d) of the Bankruptcy Code.  The claims

23

24

25

26

Kenney
&
Markowitz
L.L.P.

27

28

1    that are the subject of this action are barred as a result of the Debtors' discharge in bankruptcy,

2    and this action should be dismissed.

3

4    DATED:  August 21, 2007                    **KENNEY & MARKOWITZ L.L.P**

5

6

7                                               By: _____

8                                                   STEPHEN C. KENNEY
                                                    KYMBERLY E. SPEER

9                                                   Attorneys for Defendant
                                                    NORTHWEST AIRLINES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Kenney    27
   &
Markowitz
 L.L.P.    28

{31199.302014 0129713.DOC}                  -9-
                                *JOHNSON V. NORTHWEST AIRLINES, INC., ET AL*
                          CASE NO. C-07-04036 VRW, C 07-04044 VRW, C 07-04045 VRW
                               NOTICE OF MOTIONS AND MOTIONS TO DISMISS

*Barbara Johnson v. Northwest Airlines, Inc., et al.*
United States District Court Case Nos. **C 07-04036 VRW**
**C 07-04044 VRW**
**C 07-04045 VRW**

## PROOF OF SERVICE

[C.C.P.§2008, F.R.C.P. Rule 5]

I, the undersigned, state:

My business address is 255 California Street, Suite 1300, San Francisco, California 94111. I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as follows:

## NOTICE OF MOTIONS AND MOTIONS TO DISMISS

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael Cohen, Esq.<br>ATTORNEY AT LAW<br>1126 ½ Delaware<br>Berkeley, CA  94702<br>Fax:    510-525-9615<br>Email: mikecohen@sprintmail.com | |

[X]    BY FIRST CLASS MAIL – I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]    BY PERSONAL SERVICE – Following ordinary business practices, I caused to be served, by hand delivery, such envelope(s) by hand this date to the offices of the addressee(s).

[ ]    BY OVERNIGHT MAIL – I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]    BY FACSIMILE – I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: August 21, 2007

| | |
|---|---|
| | Lynne Amerson |

Kenney
&
Markowitz
L.L.P.

{31199.302014 0129713.DOC}

-10-

*JOHNSON V. NORTHWEST AIRLINES, INC., ET AL*
CASE NO. C-07-04036 VRW, C 07-04044 VRW, C 07-04045 VRW
NOTICE OF MOTIONS AND MOTIONS TO DISMISS