# EXHIBIT ONE

## U S B C - Southern District of New York
## Case No. 05-17930
### September 14, 2005 Voluntary Petition

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Northwest Airlines Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax<br>I.D. No. (if more than one, state all): 41-1905580 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br><br>2700 Lone Oak Parkway<br>Eagan, MN 55121 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: Dakota County, MN | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>5101 Northwest Drive<br>St. Paul, MN 55111-3034 | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>The Debtor, together with its affiliated Debtors, operates the 4th largest airline company in the world. The Debtors collectively have assets located throughout the United States and various other countries. |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 ☒ Chapter 11 ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9 ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 – Case ancillary to foreign proceeding | |
| ☐ Other | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business  ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e)(Optional) | |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (Consolidated numbers including all affiliates)

| | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Consolidated numbers including all affiliates)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Debts (Consolidated numbers including all affiliates)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

(Official Form 1) (12/03)                                                                                    FORM B1, Page 2

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s):  Northwest Airlines Corporation |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location<br>Where Filed: Not Applicable | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

# Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X _/s/ Bruce R. Zirinsky_____
    Signature of Attorney for Debtor(s)

Bruce R. Zirinsky_____
Printed Name of Attorney for Debtor(s)

Cadwalader, Wickersham & Taft LLP
Firm Name

One World Financial Center_____
Address

New York, New York  10281_____

(212) 504-6000_____
Telephone Number

September 14, 2005_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ Barry P. Simon_____
    Signature of Authorized Individual

Barry P. Simon_____
Printed Name of Authorized Individual

Executive Vice President and General Counsel
Title of Authorized Individual

September 14, 2005_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are  primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
    Signature of Attorney for Debtor(s)                    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

### Signature or Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
    Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

SCHEDULE 1

Including the debtor in this chapter 11 case, the following affiliated debtors simultaneously have filed voluntary chapter 11 petitions in this Court. Contemporaneously with the filing of these petitions, such entities filed a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

NWA Fuel Services Corporation
Northwest Airlines Corporation
Northwest Airlines Holdings Corporation
NWA Inc.
Northwest Airlines, Inc.
Northwest Aerospace Training Corp.
MLT Inc.
Northwest Airlines Cargo, Inc.
NWA Retail Sales Inc.
Montana Enterprises, Inc.
NW Red Baron LLC
Aircraft Foreign Sales, Inc.
NWA Worldclub, Inc.

# EXHIBIT TWO
## U S B C - Southern District of New York
### Case No. 05-17930
### May 19, 2005 Order Fixing Bar Date for Filing Proofs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x    Chapter 11

In re:    :
    :    Case No. 05-17930 (ALG)
    :
NORTHWEST AIRLINES CORPORATION,    :    Jointly Administered
NWA FUEL SERVICES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,    :
NORTHWEST AEROSPACE TRAINING CORP.,    :
NORTHWEST AIRLINES, INC.,    :
NWA AIRCRAFT FINANCE, INC.,    :
MLT INC.,    :
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES    :
CARGO, INC.,
NWA RETAIL SALES INC.,    :
MONTANA ENTERPRISES, INC.,
NW RED BARON LLC, AND    :
NWA WORLDCLUB, INC.,

                    Debtors.    :

-------------------------------------------------------------------

## ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

establishment of a date by which creditors must assert claims against the Debtors or be forever barred from voting on any chapter 11 plan or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it appearing that due notice of the Bar Date Motion having been provided to the parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice need be provided; and upon all matters heretofore before the Court; and upon the Motion, the papers filed in support thereof, and the responses thereto; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to Exhibit A attached to the Motion (the "Proof of Claim"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16, 2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005, New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest Airlines Claims Processing, One Bowling Green, New York, New York 10004-1408 (together, the "Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

    i.    any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

    ii.    any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," ~~and~~ (iii) who does not dispute the amount, ~~or~~ nature **and priority** of the claim for such person or entity as set forth in the Schedules **and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;**

    iii.    any person or entity whose claim has already been paid by the Debtors;

    iv.    any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

    v.    any Debtor in these cases having a claim against another Debtor;

vi.    any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii.    any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix.    any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits ~~authorized to be~~ **that were** paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to ~~exercise authority to~~ pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the later of (i) the Bar Date, or (ii) the

first business day that is at least thirty (30) calendar days after the entry of any order approving the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the recovery of a voidable transfer to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected claimant does not agree with such amendment, the affected claimant who has not already filed a proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims.  To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim.  Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.  For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached ~~to the Motion as Exhibit B~~ **hereto** (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June 2, 2006 upon:

a.      the Office of the United States Trustee for the Southern District of New York;

b.      each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.      all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.      the District Director of Internal Revenue for the Southern District of New York;

e.      all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.      the Securities and Exchange Commission; and

g.      all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

New York, New York
May 19, 2006

_____ /s/ Allan L. Gropper _____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

 

NORTHWEST AIRLINES CORPORATION,
NWA FUEL SERVICES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,
NORTHWEST AEROSPACE TRAINING CORP.,
NORTHWEST AIRLINES, INC.,
NWA AIRCRAFT FINANCE, INC.,
MLT INC.,
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES
CARGO, INC.,
NWA RETAIL SALES INC.,
MONTANA ENTERPRISES, INC.,
NW RED BARON LLC, AND
NWA WORLDCLUB, INC.,

                                     Debtors.

:   Chapter 11

:   Case No. 05-17930 (ALG)

:   Jointly Administered

:

:

:

:

:

:

:

:

:

:

:

---------------------------------------------------------------

## AMENDED ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

        Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

1

establishment of a date by which creditors must assert claims against the Debtors or be forever barred from voting on any chapter 11 plan or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it appearing that due notice of the Bar Date Motion having been provided to the parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice need be provided; and upon all matters heretofore before the Court; and upon the Motion, the papers filed in support thereof, and the responses thereto; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to <u>Exhibit A</u> attached to the Motion (the "Proof of Claim"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16, 2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005, New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest Airlines Claims Processing, One Bowling Green, New York, New York 10004 (together, the "Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

i.    any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

ii.   any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or, nature and priority of the claim for such person or entity as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

iii.  any person or entity whose claim has already been paid by the Debtors;

iv.   any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

v.    any Debtor in these cases having a claim against another Debtor;

3

vi.    any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii.    any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix.    any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend ~~to exercise authority~~ to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the <u>later</u> of (i) the Bar Date, or (ii) the

first business day that is at least thirty (30) calendar days after the entry of any order approving the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the recovery of a voidable transfer to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected claimant does not agree with such amendment, the affected claimant who has not already filed a proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

5

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

6

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor. For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

7

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B hereto (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June 26, 2006 upon:

8

a.     the Office of the United States Trustee for the Southern District of New York;

b.     each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.     all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.     the District Director of Internal Revenue for the Southern District of New York;

e.     all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.     the Securities and Exchange Commission; and

g.     all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

9

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

Dated:  May 22, 2006
        New York, New York


_/s/ Allan L. Gropper_____
UNITED STATES BANKRUPTCY JUDGE

10

NYLIB5 901784.1

# EXHIBIT THREE
## U S B C - Southern District of New York
## Case No. 05-17930
### May 22, 2006 Notice of Bar Date Requiring Filing of Proofs of Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

In re:                                                      :     **Chapter 11**
                                                            :
NORTHWEST AIRLINES CORPORATION,                             :     **Case No. 05-17930 (ALG)**
NWA FUEL SERVICES CORPORATION,                              :
NORTHWEST AIRLINES HOLDINGS CORPORATION,                    :     **Jointly Administered**
NWA INC.,                                                   :
NORTHWEST AEROSPACE TRAINING CORP.,                         :
NORTHWEST AIRLINES, INC.,                                   :
NWA AIRCRAFT FINANCE, INC.,                                 :
MLT INC.,                                                   :
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES             :
CARGO, INC.,                                                :
NWA RETAIL SALES INC.,                                      :
MONTANA ENTERPRISES, INC.,                                  :
NW RED BARON LLC, AND                                       :
NWA WORLDCLUB, INC.,                                        :
                                                            :
                                  **Debtors.**              :
                                                            :

———————————————————————————

### NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on [—],May 19, 2006, the Court entered an order (the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), and NWA Worldclub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth

below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in sections 2 or 3 below. Acts or omissions of the Debtors that arose on or before the Petition Date, may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### 2.    WHO SHOULD NOT FILE A PROOF OF CLAIM

You should not file a proof of claim if:

a.    You have **already** properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b.    Your claim is listed on the Debtors' Schedules (as defined below), is **not** described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount or, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c.    You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d.    Your claim has already been paid by the Debtors;

e.    You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f.    You are a Debtor in these cases and you have a claim against another Debtor;

g.    You are a professional whose retention in these chapter 11 cases has been approved by the Court; or

h.    You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i.    You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j.    You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that it does not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

**3.    SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in

respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

~~Holders of equity securities of the Debtors need not file a proof of interest. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date.~~

~~Any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005 need not file a claim for such amounts, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to exercise authority to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members~~

4.    **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received **on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006,** at the following address (the "Northwest Claims Docketing Center"):

**IF SENT BY MAIL**
United States Bankruptcy Court,
Southern District of New York
Attn: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

**IF SENT BY MESSENGER OR OVERNIGHT COURIER**
Office of the Clerk of the United States Bankruptcy Court
Southern District of New York
Re: Northwest Airlines Claims Processing,
One Bowling Green, New York, New York 10004

Note that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Docketing Center on or before the Bar Date. **Proofs of claim may not be delivered by facsimile or telecopy**.

5.    **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE ~~FOREVER~~ BARRED, ~~ESTOPPED, AND ENJOINED~~ FROM ASSERTING SUCH CLAIM ~~(OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM)~~ AGAINST THE DEBTORS ~~AND THE DEBTORS AND THEIR~~

~~PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM,~~ AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required. If you have not filed your proof of claim yet, please file it with the Claims Agent only; please do not file your proof of claim with the Court or attempt to do so by sending it to Debtors' counsel.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

## 6. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services, LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services, LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7.    **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

**Northwest Airlines Corporation ("NWA Corp") – Case No. 05-17930**

**NWA Fuel Services Corporation ("NFS") - Case No. 05-17925**

**Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938**

**NWA Inc. ("NWA Inc.") - Case No. 05-17940**

**Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944**

**Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933**

**MLT Inc. ("MLT") - Case No. 05-17948**

**Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949**

**NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950**

**Montana Enterprises, Inc. ("Montana") - Case No. 05-17952**

**NW Red Baron LLC ("Red Baron") - Case No. 05-17953**

**Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955**

**NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956**

**NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287**

~~This notice is only a summary of the Bar Date Order.~~ All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York
——————,May 22, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

- and -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC  20004
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# EXHIBIT FOUR

**U S B C - Southern District of New York**
**Case No. 05-17930**
**Affidavits of Publication**

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Debtors and Debtors In Possession
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and-

Mark C. Ellenberg (ME 6927)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:                                                    :     **Chapter 11**
                                                          :
**NORTHWEST AIRLINES CORPORATION, et al.,**               :     **Case No. 05-17930 (ALG)**
                                                          :
                                        **Debtors.**      :     **Jointly Administered**
                                                          :
------------------------------------------------------------x

### AFFIDAVITS OF PUBLICATION WITH RESPECT TO THE AMENDED ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

      **PLEASE TAKE NOTICE** of the filing of the attached Affidavits of Publication (the "Affidavits") in connection with the publication of the Bar Date Notice for Northwest Airlines Corporation and its affiliated entities, as debtors and debtors in possession, in accordance with the Bankruptcy Court's Amended Order Fixing Bar Date For Filing Proofs Of Claim, Approving Proposed Proof Of Claim Form, Approving Proposed Bar Date Notice And Approving Proposed Notice And Publication Procedures, dated May 22, 2006 (Docket No. 2607).

      **PLEASE TAKE FURTHER NOTICE** that the Bar Date Notice was published in the following newspapers on the following dates, (i) June 28, 2006, New York Times (Exhibit A hereto); (ii) June 28, 2006, Wall Street Journal (Exhibit B hereto); (iii) June 28, 2006, USA Today (Exhibit C hereto); (iv) June 28, 2006, Detroit News and Free Press (Exhibit D hereto); (v) June 28, 2006, Minneapolis Star Tribune (Exhibit E hereto); (vi) June 28, 2006, Memphis Commercial Appeal (Exhibit F hereto); (vii) June 28, 2006, De Telegraaf (English & Dutch) (Exhibit G hereto); (viii) June 28, 2006, Financial Times (Exhibit H hereto); (ix) June 28, 2006, International Herald Tribune (Exhibit I hereto); (x) June 29, 2006,

Ashai Shimbun (Japanese) (Exhibit J hereto); and (xi) July 3, 2006, Ashai Shimbun (English) (Exhibit K hereto).

Dated: New York, NY
      April 18, 2007

<div style="margin-left:40%">

*/s/ Gregory M. Petrick*           
Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

-and-

Mark C. Ellenberg (ME 6927)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W., Suite 1100
Washington DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
Attorneys for the Debtors and Debtors-in-Possession

</div>

# EXHIBIT A



229 WEST 43RD STREET • NEW YORK, NY 10036-3959

SEC. C    PG. 11

## CERTIFICATION OF PUBLICATION

JUN 3 0 2006 _____ 20 _____

DEBRA BARNING

I, _____ , in my capacity as a Principal Clerk of the Publisher of **The New York Times** a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of **The New York Times** on the following date or dates, to wit on

_____

_____ JUN 2 8 2006 _____ 20 _____

Approved:

THIS CERTIFICATION
NOT VALID
WITHOUT NYT RAISED SEAL



# EXHIBIT B



STATE OF TEXAS         )
                               ) ss:
CITY AND COUNTY OF DALLAS)

I, <u>Glenn Hellums Jr.</u>, being duly sworn, depose and say that I am the Advertising Clerk

of the Publisher of <u>THE WALL STREET JOURNAL</u> , a daily national newspaper

published and of general circulation in the City and County of New York, New York,

City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas

and that the attached Notice has been regularly published in <u>THE WALL STREET</u>

<u>JOURNAL</u> for national distribution for <u>one</u> insertion(s) on the following date(s):  <u>6/28/06</u>

at the request of advertiser: <u>Northwest Airlines</u> and that the foregoing statements are true

and correct to the best of my knowledge, information, and belief.

Sworn to before me this

28th day of <u>June</u> 20<u>06</u>

Notary Public

# ❖ BANKRUPTCIES ❖

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17921 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17938 (ALG) |
| NWA INC., | Case No. 05-17932 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-18287 (ALG) |
| MLT INC., | Case No. 05-17941 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES | |
| CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC.[tm], | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

## NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTORS OR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006), the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against: Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc., ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM** —

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM** —

You should not file a proof of claim if:

a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored to these cases or Official Form No. 10;

b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which your claim is listed on the Schedules;

c. You have a claim under sections 503, 507(b), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d. Your claim has already been paid by the Debtors;

e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f. You are a Debtor in these cases and you have a claim against another Debtor;

g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;

h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and) with respect to benefit claims, any spouse or beneficiary thereof) and labor unions (representing such employees solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the proofs for such grievances arose on or prior to the Petition Date; provided, however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS** —

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of order authorizing rejection.

For claims arising from recovery by the Debtors of estate property transferred to you by the Debtors on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assertion of rights of setoff under section 550(a) or section 502(d) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant transfer arises.

---

Pursuant to the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee, or a bondholder asserts a claim either for or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more Debtors' Agents under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise undertakes liability (each a "Credit Agreement") entities whose claims against any of the Debtors arise under such Credit Agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims, provided, that such administrative Agent for, if there is no administrative Agent, an Agent under such Credit Agreement is required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may with respect to the proof of claim of claims held by it in accordance with the foregoing, (i) only the attachment of copies of any credit/loan related documents but shall promptly provide the same to counsel for the Debtors if requested to do so by such counsel and (ii) file a single proof of claim filing the claims being asserted against the Debtors that such agent asserts are held thereby rather than a separate proof of claim for each such Debtor; provided that such single proof of claim shall identify each such Debtor.

4. **WHEN AND WHERE TO FILE** —

Except as provided for herein, all proofs of claim must be filed so as to be received on or before 5:00 p.m. prevailing Eastern Time, on August 16, 2006, at the following address, the Northwest Claims Docketing Center,

**IF SENT BY MAIL:**                **IF SENT BY MESSENGER OR OVERNIGHT COURIER**

United States Bankruptcy Court              United States Bankruptcy Court
Southern District of New York              Southern District of New York
Attn: Northwest Airlines Claims Processing    Attn: Northwest Airlines Claims Processing
Bowling Green Station              One Bowling Green, Room 511
New York, New York 10274-5082              New York, New York 10004

Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or electronic mail.

Each proof of claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. EXCEPT WITH RESPECT TO GOVERNMENTAL UNITS, IN ORDER TO RECEIVE ACKNOWLEDGEMENT OF THE FILING, A CLAIMANT MUST ALSO SUBMIT (A) A COPY OF SUCH PROOF OF CLAIM (IN ADDITION TO THE ORIGINAL PROOF OF CLAIM SENT TO THE NORTHWEST CLAIMS DOCKETING CENTER) AND (B) A SELF-ADDRESSED, STAMPED ENVELOPE.**

**THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules").

**ACLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**DEBTOR NAME, CASE NUMBER AND TRADE NAMES**

Northwest Airlines Corporation, Case No. 05-17930; NWA Fuel Services Corporation, Case No. 05-17921; Northwest Airlines Holdings Corporation, Case No. 05-17938; NWA Inc., Case No. 05-17932; Northwest Aerospace Training Corp., Case No. 05-17944; Northwest Airlines, Inc., Case No. 05-17933; NWA Aircraft Finance, Inc., Case No. 05-18287; MLT Inc., Case No. 05-17941; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc., Case No. 05-17949; NWA Retail Sales Inc., Case No. 05-17950; Montana Enterprises, Inc., Case No. 05-17952; NW Red Baron LLC, Case No. 05-17953; Aircraft Foreign Sales, Inc., Case No. 05-17955; and NWA WorldClub, Inc., Case No. 05-17956.

BY ORDER OF THE COURT

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# <u>EXHIBIT C</u>



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



GANNETT

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn Eric Morgan says that he is the principal clerk of USA
TODAY, and is duly authorized by USA TODAY to make this affidavit, and is
fully acquainted with the facts stated herein: on Wednesday, June 28, 2006 the
following advertisement- In re: NORTHWEST AIRLINES CORPORATION was
published in **USA TODAY DOMESTIC.**

Principal Clerk of USA TODAY
Friday, July 07, 2006

Subscribed and sworn to before me
This _____ day of _____ month
_____ year.

_____
Notary Public

My Commission Expires September 30, 2009

LEGAL NOTICES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | : | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | Case No. 05-17931 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | Case No. 05-17928 (ALG) |
| NWA INC., | : | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | Case No. 05-19287 (ALG) |
| MLT INC., | : | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC, F/K/A NORTHWEST AIRLINES CARGO, INC., | : | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | Case No. 05-17952 (ALG) |
| NWA RED BARON LLC | : | Case No. 05-17951 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | : | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | Case No. 05-17956 (ALG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES** (which are listed in Paragraph 7 below).

PLEASE TAKE NOTICE THAT on May 18, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NWA Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy for breach is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:

a. You have **already** properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d. Your claim has already been paid by the Debtors;

e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f. You are a Debtor in these cases and you have a claim against another Debtor;

g. You are a governmental unit with respect to claims in these chapter 11 cases been approved by the Court;

h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from purchase or sale of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit orders approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such claims, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, other employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim involving such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 503(I) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 2002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are based exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim, provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an Indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loans or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) with the attachment of copies of any proprietary loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

Except as provided by herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

| **IF SENT BY MAIL** | **IF SENT BY MESSENGER OR OVERNIGHT COURIER** |
|---|---|
| United States Bankruptcy Court, Southern District of New York | Office of the Clerk of the United States Bankruptcy Court |
| Attn: Northwest Airlines Claims Processing | Southern District of New York |
| Bowling Green Station, P.O. Box 5005 | Re: Northwest Airlines Claims Processing |
| New York, New York 10274-5005 | One Bowling Green, New York, New York 10004 |

Note that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual so whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if your assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any creditor who has previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claim agent, Bankruptcy Services LLC at (866) 775-6768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at http://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTER, INCLUDING BUT NOT LIMITED TO WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

Northwest Airlines Corporation ("NWA Corp.") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17931; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17928; NWA Inc. ("NWA Inc.") - Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; NWA Aircraft Finance, Inc. ("Aircraft Finance") d/b/a "Compass" Case No. 05-17931; MLT Inc. ("MLT") - Case No. 05-17948; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NWA Red Baron LLC ("Red Baron") - Case No. 05-17951; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York    June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP
- and -

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 6955)
One World Financial Center
New York, New York 10281

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *The Detroit News and Free Press* on June 28,
2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

_____
Paul C. Mesches

Sworn to me this

31st day of AUGUST 2006.

_____
Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 20 10



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHWEST AIRLINES CORPORATION,          Chapter 11
NWA FUEL SERVICES CORPORATION,           Case No. 05-17930 (ALG)
NORTHWEST AIRLINES HOLDINGS CORPORATION, Case No. 05-17925 (ALG)
NWA INC.,                                Case No. 05-17938 (ALG)
NORTHWEST AEROSPACE TRAINING CORP.,      Case No. 05-17940 (ALG)
NORTHWEST AIRLINES, INC.,                Case No. 05-17944 (ALG)
NWA AIRCRAFT FINANCE, INC.,              Case No. 05-17933 (ALG)
MLT INC.,                                Case No. 05-17937 (ALG)
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., Case No. 05-17948 (ALG)
NWA RETAIL SALES INC.,                   Case No. 05-17949 (ALG)
MONTANA ENTERPRISES, INC.,               Case No. 05-17950 (ALG)
NW RED BARON LLC,                        Case No. 05-17952 (ALG)
AIRCRAFT FOREIGN SALES, INC. AND         Case No. 05-17953 (ALG)
NWA WORLDCLUB, INC.,                     Case No. 05-17956 (ALG)
        Debtors.                         Jointly Administered

NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR
BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 1 below):

# EXHIBIT E

STATE OF MINNESOTA  )
                    )ss.                    **AFFIDAVIT OF PUBLICATION**
COUNTY OF HENNEPIN  )

<u>Linda St. Clair</u>, being duly sworn, on oath says  She is and during all times herein stated has been an employee of the Star Tribune, a subsidiary of McClatchy Company, 425 Portland Avenue, Minneapolis, Minnesota 55488, publisher and printer of the Star Tribune newspaper (the "Newspaper"), published 7 days a week, and has full knowledge of the facts herein stated as follows:

1.. (a)  The Newspaper is printed in the English language in newspaper format and in column and sheet form equivalent in printed space to at least 1,000 square inches;

(b)  The Newspaper is printed daily and distributed at least five days each week;

(c)  In at least half of its issues each year, the Newspaper has no more than 75 percent of its printed space comprised of advertising material and paid public notices.  In all of its issues each year, the Newspaper has not less than 25 percent of its news columns devoted to news of local interest to the community which it purports to serve.  Not more than 25 percent of the Newspaper's non-advertising column inches in any issue duplicates any other publication;

(d)  The Newspaper is circulated in the local public corporation which it purports to serve, and has at least 500 copies regularly delivered to paying subscribers;

(e)  The Newspaper has its known office of issue established in either the county in which it lies, in whole or in part, the local public corporation which the Newspaper purports to serve, or in an adjoining county;

(f)  The Newspaper files a copy of each issue immediately with the state historical society;

(g)  The Newspaper is made available at single or subscription prices to any person, corporation, partnership, or other unincorporated association requesting the Newspaper and making the applicable payment;

(h)  The Newspaper has complied with all the foregoing conditions for at least one year immediately preceding the date of the notice publication which is the subject of the Affidavit; and

(i)  Between September 1 and December 31 of each year, the Newspaper publishes and submits to the secretary of state, along with a filing fee of $25, a sworn United States Post Office periodical class statement of ownership and circulation.

2.  The printed copy of the matter attached hereto (the "Notice") was cut from the columns of the Newspaper and was printed and published in the English language, on the following days and dates:  <u>**Wednesday, June 28, 2006.**</u>

3.  Except as otherwise directed by a particular statute requiring publication of a public notice, the Notice was printed in a type face no smaller than six point with a lowercase alphabet of 90 point.

4.  The fees for publication are as follows:

(a)  The maximum rate currently allowed by law for publication of a public notice in the Newspaper is $<u>4.75</u>:

(b)  The lowest classified rate currently paid by commercial users for comparable space in the Newspaper is $<u>8.59</u>; and;

(c)  The rate actually charged for publication of the Notice was $<u>2,949.75</u>

*Linda St Clair*

Subscribed and sworn to before me
on July 3, 2006

*Wilma Finn*

Notary Public

WILMA L. FINN
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2010





# **EXHIBIT F**

## AFFIDAVIT OF DISTRIBUTION

STATE OF _TN_                    )

COUNTY OF _Shelby_         )

CITY OF _Memphis_          )

I, _Lucianne Hine_ being duly sworn on oath now and during all times herein stated, have been the publisher and designated agent of the publication known as,

_The Commercial Appeal_ ("Publication")

and have full knowledge of the facts herein stated as follows:

The ~~insert~~ Ad for _Northwest Airlines_ _Legal Notice_ ("Ad/Advertiser") with Insertion Order No. _947319901_ was distributed to the Publication's full circulation on the _28th_ day of _June_, 200_6_.

By: _Lucianne Hine_

Subscribed and sworn to before me this _27th_ day of _July_, 200_6_

_____
Notary Public

MY COMMISSION EXPIRES NOV. 30, 2008

Notary Seal:

KAY C. PRIVETT
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY



# EXHIBIT G

# PUBLICITAS NORTH AMERICA

*261 Madison Avenue, 7TH Floor*
*New York, NY 10016*
*Tel. (212) 599-5057  Fax (212) 599-8298*

*July 6, 2006*

**PORTE ADVERTISING**
**PAUL MESCHES**
**57 WEST 38TH STREET**
**NEW YORK, N.Y. 10018**

**RE: BANKRUPTCY SERVICES**

*To whom it may concern:*

*In our capacity as exclusive U.S. representative for the publication, **DE TELEGRAAF**, we confirm the insertion on **28 JUN 06** of an advertisement entitled **Re: NORTHWEST AIRLINES** on behalf of the above listed client.*

*PUBLICITAS/NORTH AMERICA*

*James Allen*
*Traffic Coordinator*

woensdag 28 juni 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| NORTHWEST AIRLINES CORPORATION, | Chapter 11 |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17930 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17931 (ALG) |
| NWA INC., | Case No. 05-17932 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17933 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17934 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-17935 (ALG) |
| MLT INC., | Case No. 05-17936 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17937 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17938 (ALG) |
| NW RED BARON LLC, | Case No. 05-17940 (ALG) |
| AIRCRAFT FOREIGN SALES, INC., AND | Case No. 05-17935 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR**
**BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTORS (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE that on [date], the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NWFS"), Northwest Airlines Holdings Corporation ...

[The remainder of this page consists of dense legal notice text that is illegible at this resolution, organized under the following numbered headings:]

1. WHO MUST FILE A PROOF OF CLAIM

2. WHO SHOULD FILE A PROOF OF CLAIM

3. SPECIAL CLAIMS

4. WHEN AND WHERE TO FILE

5. WHAT TO FILE

6. THE DEBTORS' SCHEDULES AND ACCESS THERETO

7. DEBTOR NAME, CASE NUMBER & TRADE NAMES

Dated: New York, New York  June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# EXHIBIT H

# AFFIDAVITS

**IN THE MATTER**            NORTHWEST AIRLINES CORPORATION
**OF:**

**STATE OF NEW YORK:** }

             **SS:** }

**COUNTY OF NEW YORK:** }

I, Tim Hart, being duly sworn, hereby certify that (a) I am the Vice President - Financial
Advertising of FT Publications, Inc., Publisher of the FINANCIAL TIMES, a daily newspaper
general circulation in the City and County of New York, and (b) that the Notice of which the
annexed is a copy was published in the said FINANCIAL TIMES in London, Frankfurt, Paris,
Sweden and Madrid on the

**28th day of June 2006**

_____
Tim Hart

### VICE-PRESIDENT OF ADVERTISING -FINANCIAL ADVERTISING:

**SWORN TO BEFORE ME THIS:**

Hope Kaye

**NOTARY PUBLIC**

HOPE KAYE
Notary Public, State of New York
No. 31-4944197
Qualified in New York County
Commission Expires



# EXHIBIT I



INTERNATIONAL
## Herald Tribune.
PUBLISHED BY THE NEW YORK TIMES

229 WEST 43RD STREET, NEW YORK, NY 10036, USA
PHONE: (212) 556-7707  FAX: (212) 556-7706

**DECLARATION OF PUBLICATION**

**NOTICE Northwest Airlines Corporation**

The undersigned says:

I am over the age of 18 years and a citizen of the United States.
I am not a party to and have no interest in this matter.  I am a principal
of the International Herald Tribune, a newspaper published in Paris,
France and circulated in major cities in Europe, North Africa, the Middle
East.  Far East  and the Americas.  The notice, a true copy of which is attached,
was published on the following date(s):

June 28, 2006

I declare under penalty that the forgoing is true and correct.

Executed in New York, N.Y. on June 28, 2006

Judith King, Legal Notice Manager

Sworn before me on this **28th** day of ___June___ 2006 in the state of New York.

Notary Public

DEBORAH BESHAW
Notary Public, State of New York
No. 01BE5076817
Qualified in Kings County
Certificate on file in New York County
Commission Expires April 21, 2007



# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK    )
                                           )
COUNTY OF NEW YORK   )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *Ashai Shimbun* (Japanese Language) on June
29, 2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

_____
Paul C. Mesches

Sworn to me this

31st day of ~~July~~ August 2006.

_____
Notary Public

MARIAN DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 20 10

NORTHWEST AIRLINES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,
NORTHWEST AIRLINES, INC.,
NWA RETAIL SALES INC.,
MLT INC.,
COMPASS AIRLINES, INC.,
NORTHWEST AIRLINES CARGO, INC.,
MONTAVENTERPRISE, INC.,
NWA FUEL SERVICES CORPORATION,
NORTHWEST AEROSPACE TRAINING CORP.,
NWA AIRCRAFT FINANCE, INC.,
AIRCRAFT FOREIGN SALES, INC.,
NWA WORLDCLUB, INC.,

事件番号
第05-17930号 (ALG)
第05-17928号 (ALG)
第05-17932号 (ALG)
第05-17934号 (ALG)
第05-17935号 (ALG)
第05-17936号 (ALG)
第05-17937号 (ALG)
第05-17933号 (ALG)
第05-17938号 (ALG)
第05-17951号 (ALG)
第05-17952号 (ALG)
第05-17939号 (ALG)
第05-17956号 (ALG)

Office of the Clerk of the
United States Bankruptcy Court
Southern District of New York
Re: Northwest Airlines Claims Processing
One Bowling Green, New York, New York 10004

United States Bankruptcy Court
Southern District of New York
Attn: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Nathan A. Haynes (NH 4955)
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

- 387 -

ニューヨーク、ニューヨーク州

2006年6月27日

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    )        Chapter 11
                                          )
NORTHWEST AIRLINES                        )        Case No. 05-17390 (ALG)
                                          )             *et al*
                     Debtors              )

                                                 AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK        )
                         )
COUNTY OF NEW YORK       )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *Ashai Shimbun* (English Language) on July
3, 2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

                                        _____
                                             Paul C. Mesches

Sworn to me this

31ˢᵗ  day of ~~July~~ August 2006.

_____
          Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17938 (ALG) |
| NWA INC., | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-19287 (ALG) |
| MLT INC., | Case No. 05-17941 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17925 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17951 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR**
**BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp"), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

   You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in Section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

   Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

   You should not file a proof of claim if:

   a.   You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

   b.   Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

   c.   You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

   d.   Your claim has already been paid by the Debtors;

   e.   You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

   f.   You are a Debtor in these cases and you have a claim against another Debtor;

   g.   You are a professional whose retention in these chapter 11 cases has been approved by the Court;

   h.   You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

   i.   You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

   j.   You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievance arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

   YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

   For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

   For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding such a transfer.

   For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the latest of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the tax is assessed.

   For claims asserted by a co-debtor, surety or guarantee that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

   Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

---

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are linked exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any competition loan-related documents that shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

   Except as provided herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

   IF SENT BY MAIL
   United States Bankruptcy Court
   Southern District of New York
   Attn: Northwest Airlines Claims Processing
   Bowling Green Station, P.O. Box 5005
   New York, New York 10274-5005

   IF SENT BY MESSENGER OR OVERNIGHT COURIER
   Office of the Clerk of the
   United States Bankruptcy Court
   Southern District of New York
   Attn: Northwest Airlines Claims Processing
   One Bowling Green, New York, New York 10004

   Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**

   If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

   The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned Debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

   YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

   EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

   Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

   A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

   You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 715-0768.

   Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account), or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

   Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

   A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

   Northwest Airlines Corporation ("NWA Corp.") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938; NWA Inc. ("NWA Inc.") - Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17941; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17925; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NW Red Baron LLC ("Red Baron") - Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17951; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York    June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)            — and —            Mark C. Ellenberg (ME 6927)
Gregory M. Petrick (GP 2175)                                  1201 F Street N.W., Suite 1100
Nathan A. Haynes (NH 4955)                                  Washington, DC 20004
One World Financial Center                                  Telephone: (202) 862-2200
New York, New York 10281                                  Facsimile: (202) 862-2400
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION